UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RHODERICK T. FONEY,

                           Plaintiff,

-vs.                                              **DEMAND FOR JURY TRIAL**

COMMERCIAL RECOVERY SYSTEMS, INC.,

                           Defendants.
_____/

## COMPLAINT & JURY DEMAND

Plaintiff, Rhoderick T. Foney through counsel, Stephen A. Thomas, PLC, by Stephen A. Thomas states the following claims for relief:

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims and the TCPA claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action. Injunctive relief is available pursuant to the TCPA.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and out of the invasions of Plaintiff's personal privacy by Defendant and their agents in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.   Plaintiff Rhoderick T. Foney is a natural person who resides in the City of Detroit, County of Wayne, State of Michigan, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.   Defendant Commercial Recovery Systems, Inc. (hereinafter ("Defendant") is a Texas corporation with minimum contacts in Michigan and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).  Defendant may be served by serving Tim Ford, 8035 East R L THORNTON FWY, DALLAS, TX  75228.

## VENUE

6.   The transactions and occurrences which give rise to this action occurred in Wayne County.

7.   Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

8.   That on October 26, 2012, at approximately 1:17:45 PM EDT, Defendant contacted Mr. Foney leaving the following voicemail message:

> **Rhoderick Foney, my name is Ashley Stuart.  You are being contacted in reference of a case here against you here in my office.  Failure to reply it will result in consumption (assumption) that you have waived your rights Office and Sheriff Office will proceed within your case.  My direct number is 800-213-5342 your case number is 3802171 (hum).  I am giving until 3 o'clock today Mr. Foney to give me a call back here in my office if I do not hear from before 3 o'clock you will be duly notified at your place of employment (coughs) your place of employment and your home, (auh) Mr. Foney it is very important that you contact me here in my office today thank you.**

9.   That Defendant failed to notify Mr. Foney that the communication was from a debt collector and also failed to display its name and telephone number on his caller ID.

2

10. That by failing to disclose in its voicemail message that the communication was from a debt collector, and by failing to disclose its true corporate or business name in its voicemail message and caller ID, Defendant failed to meaningfully disclose its identity to Mr. Foney.

11. That in its voicemail message, Defendant falsely represented the legal status of an alleged debt, including, but not limited to, stating that "a case here against you" when, upon information and good-faith belief, there was no such case.

12. That Defendant stating, "your case number is 3802171", conveyed a false sense that a case had been commenced against Mr. Foney.

13. That Defendant stating, "I am giving until 3 o'clock today" conveyed a false sense of urgency to Mr. Foney.

14. That Defendant stating, "if I do not hear…before 3 o' clock you will be duly notified at your place of employment…and your home" conveyed a false sense to invade Mr. Foney's privacy at both his home and employment.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT.

15. Plaintiff incorporates the preceding allegations by reference.

16. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

17. Plaintiffs are "consumers" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

18. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

19.     Defendant's foregoing acts in attempting to collect this debt violated 15 U.S.C. § 1692 et seq.

20.     The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE.

21.     Plaintiff incorporates the preceding allegations by reference.

22.     Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

23.     Plaintiff is a "debtor" as that term is defined in M.C.L. § 339.901(f).

24.     Defendant's foregoing acts in attempting to collect this debt violated M.C.L. § 339.915.

25.     Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

26.     These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT.

27.     Plaintiff incorporates the preceding allegations by reference.

28.     Defendant is a "regulated person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at M.C.L. § 445.251.

29.     Plaintiff is a "consumer" as that term is defined at M.C.L. § 445.251.

30.     Defendant's foregoing acts in attempting to collect this debt violated M.C.L. § 445.252.

31.     Plaintiff has suffered damages as a result of these violations of the MCPA..

4

32. These violations of the MCPA were willful.

## COUNT IV - VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT.

33. Plaintiff incorporates the preceding allegations by reference.

34. At all relevant times, Defendant, upon information and belief, was using an "automatic telephone dialing system" in connection with its offending contacts with the Plaintiffs as that term is defined at 47 U.S.C. § 227(a)(1).

35. At no time has the Defendant ever had an "established business relationship" with the Plaintiff as that term is defined at 47 U.S.C. § 227(a)(2).

36. Plaintiff is a "consumer" for purposes of the TCPA and the debt at issue is a consumer debt.

37. In violation of the proscription against contacting persons on cellular telephones, the Defendant made several contacts in contravention of 47 USC § 227(b)(1)(iii).

38. These violations of this statute were all willful.

39. The Plaintiff has suffered damages as a result of these violations of the Telephone Consumer Protection Act at 47 U.S.C. § 227(b)(3).

## COUNT V – INVASION OF PRIVACY BY INTRUSION UPON SECLUSION.

40. Plaintiff incorporates the preceding allegations by reference.

41. The restatement of Torts, Second, § 652(b) defines intrusion upon seclusion, "One who intentionally intrudes upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to the reasonable person."

42. Michigan further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Michigan state law.

43. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with an excessive amount of calls to his cell phone.

44. The telephone calls made by Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff" and "a substantial burden to their existence, " thus satisfying the Restatement of Torts, Second, §652(b) requirement for an invasion of privacy.

45. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

46. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

47. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Plaintiff is entitled to punitive damages.

## COUNT VI - INTENTIONAL (OR NEGLIGENT) INFLICTION OF EMOTIONAL DISTRESS.

48. Plaintiff incorporates the preceding allegations by reference.

49. The acts, practices and conduct engaged in by the Defendant vis-a-vis the Plaintiff were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

50. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Michigan.

51.     Defendant could reasonably foresee its conduct would cause mental anguish and severe emotional distress to Plaintiff.

52.     Plaintiff did indeed suffer mental anguish and severe emotional distress including post-traumatic stress, paranoia, and depression.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Wherefore, Plaintiff requests that the Court grant him the following relief against the Defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

September 26, 2013

/s/ Stephen A. Thomas
STEPHEN A. THOMAS P43260
Attorney for Plaintiff
645 Griswold St., Suite 1113
Detroit, Michigan  48226
313-965-2265
sathomasplccmecf@aol.com

7