UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Rhoderick T. Foney,

    Plaintiff,

v.

Commercial Recovery Systems, Inc.,

    Defendant.
_____/

Case No. 13-14127

Honorable Nancy G. Edmunds

### ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [6]

Before the Court is Plaintiff Rhoderick T. Foney's motion for default judgment on his claims against Defendant Commercial Recovery Systems, Inc.[1]  (Dkt. 6.)

Because the Court finds that Plaintiff has not documented proper service, the Court DENIES WITHOUT PREJUDICE Plaintiff's motion for default judgment.  The Court scheduled a hearing on this matter for April 16, 2014.  But after reviewing the pleadings, the Court finds that a hearing is unnecessary at this time and therefore cancels it.

To obtain a default judgment, Plaintiff's motion and supporting affidavits must provide:

1. The nature of the claim;

2. That the return of service was filed with the Court and that service was properly made on Defendant;

3. A statement that Defendant is not:

    a) an infant or incompetent person; or

---

[1] In his complaint, Plaintiff asserts claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq and the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq, and also asserts a claim for invasion of privacy.  (Compl. ¶ 2.)

    b) in the military service;

4. The date the Clerk entered a default because Defendant failed to plead or otherwise defend in accordance with Fed. R. Civ. P. 55(a);

5. The sum certain or the information necessary to allow the computation of a sum certain; and

6. If an award of interest, costs, or attorney fees is sought, the legal authority and supporting documentation for interest, costs or attorney fees.

*See* Fed. R. Civ. P. 55(b); E.D. Mich. L. R. 55.2.  A court cannot enter a default judgment, though, if the plaintiff has not properly served the defendant.  *See Kana Investment Corp. v. F.D.I.C.*, 12-13689, 2013 WL 4029091, at *2 (E.D.Mich. Aug. 8, 2013) (Murphy, J.) (adopting report and recommendation) (citation omitted) ("A party is under no duty to respond and a court does not have personal jurisdiction over a defendant until that defendant has been properly served.").

    Federal Rule of Civil Procedure 4(e)(1) governs service of individuals and provides that a plaintiff may effect service pursuant to the state's laws of service in which the district court is located.  Federal Rule 4.1(h) governs service of a corporation.  That rule provides that a plaintiff can effect service as provided for by Federal Rule 4(e)(1).

    In Michigan, Michigan Court Rule 2.105 governs service.  Michigan Court Rule 2.105(D) governs service on corporations.  The rule provides that proper service can be made through various means.  Most relevant here, Michigan Court Rule 2.105(D) requires that a corporation be served by "serving a summons and a copy of the complaint on an officer or the resident agent (of the corporation)[.]"

    On September 27, 2013, the clerk of the court issued a summons for Defendant.  (Dkt. 2.)  On November 15, 2013, Plaintiff's counsel filed a certificate of return of service.  (Dkt.

2

3.) Plaintiff's counsel indicated that Defendant was served on October 17, 2013 by certified mail. (*Id.*)  The certified mail receipt shows that Defendant received the mail in Dallas, Texas and that someone signed for the mail. (*Id.*)  The Court cannot determine the name of the person who signed the receipt.  Nor has Plaintiff's counsel represented who signed for the summons and what role that person played in Defendant.

Because the Court cannot ascertain from the pleadings whether Defendant was properly served, the Court DENIES WITHOUT PREJUDICE Plaintiff's motion for default judgment.  The Court also finds that Plaintiff has not submitted the required documentation for attorneys's fees.

The Court permits Plaintiff to refile his motion for default judgment after reserving Defendant in accordance with Michigan's court rules, and restarting the process to secure a default judgment.  The Court will not award any attorneys's fees for the hours expended in securing proper service and filing a second motion for default judgment.

So ordered.

                                        s/Nancy G. Edmunds                              
                                        Nancy G. Edmunds
                                        United States District Judge

Dated:  April 11, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 11, 2014, by electronic and/or ordinary mail.

                                        s/Carol J. Bethel                                    
                                        Case Manager

3